PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | ) | |
| | ) | CASE NO. 4:13CV2433 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| D. BOBBY, Warden, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 4, 5, and 7] |

*Pro se* Plaintiff Ronald A. Napier filed this action under 42 U.S.C. § 1983 against Ohio State Penitentiary ("OSP") Warden D. Bobby, and OSP Corrections Officer Dale Knowles. He indicates he is refiling *Napier v. Bobby*, No. 4:12 CV0555 (N.D. Ohio filed March 6, 2012), which was dismissed with prejudice against Warden Bobby for failure to state a claim, and without prejudice against Officer Knowles for failure to exhaust administrative remedies. *See* Memoranda of Opinion and Orders (ECF Nos. 10 and 50 in No. 4:12 CV0555). Plaintiff alleges Knowles used excessive force against him. He does not specify the relief he seeks.

## I. Background

The Complaint (ECF No. 1) contains no factual allegations. All of the information that follows was garnered from the numerous exhibits Plaintiff attached to the pleading. *See* ECF Nos. 1-1 through 1-12.

Plaintiff is a state prisoner at OSP in Youngstown, Ohio. He alleges that on the morning of December 11, 2011, he was injured when he was removed from his cell in the segregation unit

(4:13CV2433)

with his hands cuffed behind his back. He indicates Knowles assaulted him despite the fact that he was fully handcuffed and had a "tether-cuff" attached to the cuffs behind his back. ECF No. 1-1 at PageID #: 8-11. Specifically, Plaintiff alleges Knowles "abruptly, and 'swiftly' tripped, ('swooped') the plaintiff's feet from under him, while at the same time (putting his 'full' body weight on plaintiff's back) used his arm to 'slam' plaintiff to the 'concrete' floor, 'head-first,' causing plaintiff to lose 'temporary' consciousness. . . ." ECF No. 1-1 at PageID #: 12-13. Plaintiff states he did nothing to provoke the assault. ECF No. 1-1 at PageID #: 12.

Plaintiff originally filed this action on February 27, 2012 in the U.S. District Court for the Southern District of Ohio against Bobby and Knowles, as well as OSP Physician Martin Escobar, OSP Registered Nurse Mary Ellen Lampunshansky, and "S.U.N.D.A." The case was subsequently transferred to the Northern District of Ohio. That case, *Napier v. Bobby*, No. 4:12 CV 555 (N.D. Ohio filed March 6, 2012), was assigned to the undersigned. On July 16, 2012, the Court dismissed Plaintiff's claims against Bobby, Escobar, Lamprunshansky, and S.U.N.D.A. pursuant to 28 U.S.C. § 1915(e). Plaintiff's claim against Knowles in his official capacity was also dismissed. The case proceeded solely on Plaintiff's Eighth Amendment excessive force claim against Knowles in his individual capacity. *See* Memorandum of Opinion and Order (ECF No. 10 in No. 4:12 CV0555). With consent of the parties, the case was transferred to the docket of U.S. Magistrate Judge George J. Limbert. *See* ECF No. 28 in No. 4:12 CV0555.

Thereafter, the parties filed cross-motions for summary judgment. On August 9, 2013, Magistrate Judge Limbert granted Knowles's Motion for Summary Judgment because Plaintiff

2

(4:13CV2433)

failed to exhaust his administrative remedies prior to the commencement of the action. The Court held that Plaintiff's appeals of the denial of his formal grievances to the Chief Inspector were received on February 1, 2012. The Chief Inspector had thirty days to respond to a grievance, unless the Inspector requested additional time. Therefore, the Chief Inspector had until March 2, 2012 to respond to the appeals. Plaintiff, however, filed his Complaint on February 27, 2012, prior to receiving any response to his grievance appeals. The Chief Inspector subsequently affirmed the previous decisions on May 16, 2012 and May 17, 2012. Because Plaintiff must exhaust his administrative remedies prior to filing a complaint in federal court, Magistrate Judge Limbert dismissed the claim against Knowles without prejudice. *See* Memorandum of Opinion and Order (ECF No. 50 in No. 4:12 CV0555). Plaintiff filed the instant action, *Napier v. Bobby*, No. 4:13 CV2433 (N.D. Ohio filed Oct. 31, 2013) claiming his administrative remedies have now been exhausted.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest

3

(4:13CV2433)

which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a

4

(4:13CV2433)

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. Law and Analysis

#### A. Claims Against Warden Bobby

Although the claims against Warden Bobby were dismissed with prejudice in the prior action, Plaintiff lists him as a defendant in this current action. Because Plaintiff did not include allegations in the Complaint (ECF No. 1), but instead attached documents from the prior action as exhibits, it is difficult to determine whether Plaintiff intended to assert claims against Bobby in this action.

To the extent Plaintiff intends to reassert his claims against Bobby, they must be dismissed under the doctrine of *res judicata*. This doctrine precludes a party receiving a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). That doctrine bars relitigation of issues actually brought before the court and issues or defenses that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar when there is an identity of the facts creating the right of action and

(4:13CV2433)

of the evidence necessary to sustain each action. Both of these requirements are met in this, Plaintiff's most recently filed, case. Plaintiff is, therefore, precluded from litigating his claims against Warden Bobby for a second time.

### B. Claims Against Corrections Officer Knowles

Plaintiff also asserts a claim against Corrections Officer Knowles for use of excessive force. This claim was asserted in Plaintiff's prior action; however, it was dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to the commencement of the action. This claim is not barred by *res judicata* and is not subject to summary dismissal under to 28 U.S.C. § 1915(e). Therefore, it may proceed.

### C. Motion for Injunctive Relief

Plaintiff also filed a Motion for Injunctive Relief (ECF No. 5) over four months after the filing of the Complaint (ECF No. 1) in this action. In the motion, Plaintiff alleges he was placed in the segregation unit of OSP for engaging in a sexual act in the presence of a female employee. After he completed his sanction, Plaintiff remained in the segregation unit on local control status. His security status was raised to Level 5B and he was forced to move to a corner cell with a rear cell window facing an outside wall. He has no view of the landscape from his cell. He was also told he would have to cover his cell door window, so that no female officers would inadvertently view him engaged in a sexual act. Plaintiff told multiple corrections officers that he suffers from vertigo and claustrophobia; but he was told he would have to accept the new cell assignment. He was also informed he would be transferred to the Southern Ohio Correctional Facility. Plaintiff

(4:13CV2433)

claims prison personnel are retaliating against him for filing grievances and lawsuits. He insists he is not asserting new claims here pertaining to these actions because he is still exhausting his administrative remedies for these claims. Rather, Plaintiff requests a court order to prevent his transfer to another facility, to require the prison to uncover his cell door window, and to lower his security status, so he can be moved from local control in segregation.

A preliminary injunction is an "extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotations and alterations omitted). When ruling on a motion for preliminary injunction, a court must consider and balance four standards: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Am. Family Life Ins. Co. v. Hagan*, 266 F.Supp.2d 682, 687 (N.D. Ohio 2002). "The party seeking the injunction must establish its case by clear and convincing evidence." *Honeywell, Inc. v. Brewer-Garrett Co.*, No. 97-3673, 1998 WL 152951, at *3 (6th Cir. March 23, 1998). *See also Deck v. City of Toledo*, 29 F.Supp.2d 431, 433 (N.D. Ohio 1998).

The Court cannot grant the relief Plaintiff requests. As an initial matter, the claims which the relief is intended to address are not before the Court. Plaintiff acknowledges he is still

(4:13CV2433)

pursuing the grievance process and these claims are not ripe for adjudication. He cannot be granted proactive relief for claims he has not yet brought before the Court. The only claim currently pending in this action is one for alleged use of excessive force by Officer Knowles in December 2011. The proposed injunctive relief will not address that claim and will require the Court to consider issues which have not been raised. Plaintiff's Motion for Injunctive Relief (ECF No. 5) is, therefore, denied.

### D. Motion for Case Management Conference

Finally, Plaintiff filed a Motion for Case Management Conference (ECF No. 7). The motion is granted, in part. A Case Management Conference will be set at the convenience of the Court after the summons and complaint are served upon Corrections Officer Knowles and he files a responsive pleading. See Local Rule 16.1(b)(2).

### IV. Conclusion

Accordingly, Plaintiff's claims against Warden Bobby are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's Motion for Injunctive Relief (ECF No. 5) is denied, as it is not ripe for adjudication. Plaintiff's Motion for Case Management Conference (ECF No. 7) is granted, in part. Plaintiff's Motion for Summary Judgment (ECF No. 4) is denied without prejudice to refiling at a later date, if necessary. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely against Corrections Officer Knowles on Plaintiff's Eighth Amendment excessive force claim. The Clerk's Office is directed to forward the appropriate documents to the U.S.

(4:13CV2433)

Marshal for service of process and shall include a copy of this Order in the documents to be served upon Defendant Knowles.

       IT IS SO ORDERED.

 September 2, 2014                              */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                                  United States District Judge