UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | ) | CASE NOS. 4:13CV2433 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| D. BOBBY, et al., | ) | Order and Interim Report and |
| | ) | Recommendation |
| Defendants. | ) | |

On March 9, 2015, Plaintiff, Ronald A. Napier, who is acting *pro se*, filed a motion for injunctive relief/motion for "tele-conference"/case status review/motion for "deposition"conference - discovery/re: summary judgment request. ECF Dkt. #22. On March 18, 2015, Defendant, Dale Knowles, filed a response in opposition to the omnibus motion. ECF Dkt. #23.

On March 19, 2015, the undersigned scheduled a telephonic case management conference, which was held on April 1, 2015, see ECF Dkt. #24, which resolved several of Plaintiff's motions[1],

---

[1] On March 9, 2015, Plaintiff provided a Notice of Address Change to the Court. ECF Dkt. #22. On March 19, 2015, the undersigned scheduled the telephonic case management conference. In the Case Management Scheduling Order, issued that same day and sent to the address provided by Plaintiff on March 9, 2015, the undersigned ordered Plaintiff to provide a telephone number so that the Court could arrange the conference call. However, Plaintiff did not contact the Court.

As a consequence, on March 31, 2015, the undersigned contacted Volunteers of America, that is, the address which Plaintiff provided to the Court on March 9, 2015, and was informed that Plaintiff had been terminated from the program after he was involved in an altercation with another resident. According to the Hamilton County, Ohio Sheriff's Office website, Plaintiff was detained on March 24, 2015, after being arrested for misdemeanor assault, and currently has no projected release date.

At the case management conference, counsel for Defendant expressed a willingness to provide the discovery requested by Plaintiff in the omnibus motion (with the exception of Defendant's home address) during the pre-trial discovery period.

Approximately, two hours after the case management conference concluded, a document was received by the Court from Plaintiff explaining the foregoing chain of events and providing a contact phone number for the case management conference.

with the exception of the motion for injunctive relief and Plaintiff's discovery request for Defendant's home address.

Plaintiff is a former inmate pursuing a civil rights claim against Defendant, alleging that excessive force was used against him in December of 2011. ECF Dkt. #1. According to the omnibus motion, Plaintiff was released from custody on March 5, 2015 and assigned to a halfway house. ECF Dkt. #22 at p. 1. Plaintiff contends that his assignment to the halfway house violates his constitutional rights, because the assignment was undertaken "in retaliation for Plaintiff having filed 'civil compliant(s) and 'deposition' motion [sic] for O.S.P. officer(s) statement(s) recorded." *Id.* at p. 2. More specifically, Plaintiff asserts:

> Upon "completion" of having served 16 and ½ years "flat time" ("consecutive") sentences, and "without" any eligibilty of "parole" or 'any' other form /type of "post-release control":(P.R.C.) term at sentencing in 1998 at trial, only "consecutive" non-early-release "at all"now the O.D.R.C., in conjunction with the Ohio Adult parole Authority, and the Hamilton County Common Pleas Court Judge Jody Luebers and the Hamilton County prosecutor Joseph Deters are all/"have all" conspired/and conspiring to continue "unlawfully" "hold" plaintiff "detained" against plaintiff's will, "absent" any new charge/offense, and "absent" any new indictment."

*Id.* at p. 2-3.

Before addressing the larger question of injunctive relief, the undersigned shall resolve Plaintiff's request for Defendant's home address. Defendant contends that safety concerns prevent counsel from providing Defendant's home address to Plaintiff. The undersigned finds that Plaintiff has failed to demonstrate a particular need for the information, and that all communication necessary to this case can be exchanged with Defendant's counsel of record. Accordingly, Plaintiff's request for Defendant's home address is denied.

Turning to his motion for injunctive relief, Plaintiff alleges that prior to his March 5, 2015 release from prison, he was returned to the Hamilton County Court of Common Pleas for resentencing. At Plaintiff's resentencing, a term of post-release supervision was added to his sentence. In *State v. Singleton*, 124 Ohio St.3d 173, the Ohio Supreme Court held that "[f]or criminal sentences imposed prior to July 11, 2006, in which the trial court failed to properly impose postrelease control, trial courts shall conduct a *de novo* sentencing hearing in accordance with decisions of the Supreme Court of Ohio. Syllabus at 1. Later, in *State v. Fischer*, 128 Ohio St.3d

92, the Ohio Supreme Court modified the holding in *Singleton,* insofar as the new sentencing hearing to which an offender is entitled is limited to proper imposition of postrelease control. Syllabus at 2.

Plaintiff appears to ask this Court to enjoin the sentencing court and the Ohio Adult Parole Authority from carrying out his post-release supervision. However, Plaintiff's motion for injunctive relief should be denied because this is a civil rights case and does not concern his criminal sentence. "[A] party moving for [an injunction] must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)); see also *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)(quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

In this case, Plaintiff alleges that Defendant used excessive force against him in violation of his Eighth Amendment rights. Plaintiff's request for injunctive relief is not related to his claim against Defendant, but alleges independent violations of his rights by his sentencing court and the APA. Because there is no relationship between Plaintiff's claim against Defendant and the new allegations in his motion for injunctive relief, his request for injunctive relief concerning his post-release supervision should be denied. Moreover, because the sentencing court and the APA are not parties to this case, the Court lacks the authority to enjoin them. See *Holmes v. Warden*, Chillicothe Corr. Inst., No. 1:13-CV-648, 2014 WL 4961540, at *6 (S.D.Ohio Oct. 3, 2014) ("This Court, however, cannot enter an injunction against persons or entities over whom the Court lacks personal jurisdiction through proper service of process." (citing *Zenith Radio Corp. v. Hazeltine*

*Research, Inc.*, 395 U.S. 100, 110 (1969))).  Accordingly, the undersigned recommends that the Court should deny Plaintiff's motion for injunctive relief.


Dated:     April 2, 2015    

                                          /s/George J. Limbert  
                                        GEORGE J. LIMBERT  
                                        UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).