UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | ) | Case No. 4:13CV2433 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| D. BOBBY, *et al.*, | ) | <u>REPORT AND RECOMMENDATION</u> |
| | ) | <u>OF MAGISTRATE JUDGE</u> |
| Defendants. | ) | |

This matter is before the undersigned on a motion to dismiss for lack of prosecution filed by the sole defendant remaining in this case, Defendant Dale Knowles ("Defendant"), on December 3, 2015. ECF Dkt. #38. In his motion to dismiss for lack of prosecution, Defendant indicates that Plaintiff failed to attend his own deposition despite being served with a notice of Defendant's intent to take his deposition (ECF Dkt. #37), and alleges that Plaintiff refuses to acknowledge Defendant's attempts to reschedule the deposition. For these reasons, coupled with Plaintiff's past behavior indicative of failure to prosecute this case, Defendant moves the Court to dismiss the instant case with prejudice.

For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss for lack of prosecution, in part, and DISMISS the instant case without prejudice.

**I.     RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On October 2, 2015, Plaintiff and counsel for Defendant participated in a telephonic status conference. At the time of this status conference, a motion for judgment on the pleadings, filed by

1

Defendant on June 23, 2015, was outstanding. ECF Dkt. #31. At issue in the motion for judgment on the pleadings was Plaintiff's failure to timely file a change of address with the Court, leading to a loss of contact with Plaintiff. *Id.* For these reasons, Defendant asked that the Court grant judgment on the pleadings and dismiss the instant case with prejudice. *Id.* at 3. On September 25, 2015, Plaintiff filed a position/negotiation status paper in anticipation of the October 2, 2015 telephonic status conference. ECF Dkt. #32. Plaintiff did attend the October 2, 2015 status conference by telephone, and was informed that he was required to inform the Court of his address and any change of address in the future. Following the October 2, 2015 status conference, Defendant's motion for judgment on the pleadings was denied for the following reasons: the docket demonstrated that Plaintiff had a history of active participation in the case; Plaintiff timely informed the Court of the reason he was unable to participate in the April 2, 2015 status conference and the reason for his change in address; and Plaintiff filed a position paper in anticipation of the October 2, 2015 status conference. ECF Dkt. #34 at 2.

Plaintiff was released from prison on October 17, 2015, and filed a notice of change of address on October 30, 2015, indicating that he was residing at housing provided by The Exit Program in Cincinnati, Ohio. ECF Dkt. #36. On November 5, 2015, Defendant mailed to Plaintiff at the newly provided address a notice to take Plaintiff's deposition on November 30, 2015. ECF Dkt. #38. The notice to take the deposition of Plaintiff was delivered to the address provided by Plaintiff on November 9, 2015, although it is unclear from the signature who accepted the notice because the signature is illegible. ECF Dkt. #38-1 at 17.

Defendant indicates that Plaintiff failed to appear on November 30, 2015 for the scheduled deposition, and failed to return repeated phone calls made by Defendant's counsel to all three phone

numbers provided by Plaintiff. ECF Dkt. #38 at 2. Counsel for Defendant states that one of her calls was answered by an individual named "Dave," who informed Defendant's counsel that Plaintiff had left earlier that morning. *Id.* Further attempts to reach Plaintiff on November 30, 2015 and December 1, 2015 were unsuccessful. *Id.* According to Defendant, an official from The Exit Program confirmed that Plaintiff refused to return the phone calls made by Defendant's counsel. During the December 31, 2015 status conference, Defendant's counsel indicated that Plaintiff called her on December 22, 2015 and stated that he no longer had the phone corresponding to the contact information previously provided. Defendant's counsel stated that when she attempted to continue the conversation, Plaintiff hung up the phone.

Finally, Plaintiff has failed to appear for the December 31, 2015 status conference, and did not file a motion for leave to attend the December 31, 2015 status conference by telephone. Plaintiff has not submitted any information to the undersigned refuting the allegations set forth by Defendant or explaining the failure to appear for the December 31, 2015 status conference.

## II.    LAW AND ANALYSIS

Defendant asks that the Court dismiss the instant case as a sanction for Plaintiff's failure to prosecute. The Sixth Circuit uses the following four-factor test when deciding whether the imposition of sanctions in the form of dismissal under Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41 was proper:

> (1) Whether the party's failure is due to willingness, bad faith, or fault;
>
> (2) Whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

> (4) Whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Kovacic v. Tyco Valves & Controls, LP*, 433 Fed. App'x 376, 380 (6th Cir. 2011) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)); *Freeland v. Amigo* 103 F.3d 1271, 1277 (6th Cir. 1997).

The first factor weighs in favor of dismissal. Plaintiff failed to attend his own deposition, and it appears that he was fully aware that the deposition was being held on November 30, 2015. Further, it also appears that Plaintiff was avoiding phone calls placed by Defendant's counsel to the numbers he provided when making an effort to remind Plaintiff of the deposition, and later to reschedule the deposition. Based on what is currently before the undersigned, it appears that Plaintiff's failure to attend his deposition and failure to contact Defendant in any way to make an effort to reschedule the deposition was willing, in bad faith, and due to Plaintiff's own fault.

The second factor also weighs in favor of dismissal. Plaintiff's conduct has prejudiced Defendant. The discovery deadline in the instant case closes on December 31, 2015, the date of this Report and Recommendation. It is unreasonable to expect Defendant to defend against Plaintiff's allegations without having the benefit of deposing Plaintiff. The undersigned also recognizes that Defendant has had to expend resources in an attempt to track down Plaintiff and in filing motions in this Court in an effort to compel Plaintiff to comply with the Federal Rules of Civil Procedure. While there are always costs associated with litigation, it is prejudicial that Defendant is being forced to ask the Court for assistance in compelling Plaintiff to participate in a lawsuit that he initiated.

Plaintiff should be well aware that failure to participate in this case may result in dismissal. Accordingly, the third factor weighs in favor of dismissal. Defendant has previously attempted to

have this case dismissed for Plaintiff's lack of participation.  *See* ECF Dkt. #31.  In denying Defendant's motion for judgment on the pleadings, the undersigned indicated that dismissal was inappropriate at that time because Plaintiff was actively participating in the case.  *Id.*  Based on the motion for judgment on the pleadings and the October 5, 2015 Order denying that motion, Plaintiff should be on notice that failure to participate in this case may result in dismissal.  ECF Dkt. #31; ECF Dkt. #34.  Plaintiff is no longer actively participating, and dismissal is now proper.

The only factor that does not weigh in favor of dismissal is the fourth factor.  Defendant has not asked the Court to impose or consider less drastic sanctions, but has rather twice moved the Court to dismiss the instant case with prejudice for lack of prosecution.  ECF Dkt. #31; ECF Dkt. #38.  Defendant asserts that there is no utility in considering a lesser sanction and that a warning that failure to cooperate could lead to dismissal is irrelevant in the face of such contumacious conduct.  For these reasons, Defendant claims that all four factors weigh in favor of dismissal, and that Plaintiff's case should be dismissed with prejudice.

Fed. R. Civ. P. 37(d) applies when a party fails to attend its own deposition, and allows any of the sanctions that may be imposed under Fed. R. Civ. P 37(b)(2)(A)(i)-(vi).  Fed. R. Civ. P. 41(b) describes the effects of an involuntary dismissal when a plaintiff fails to prosecute and indicates that, unless the dismissal order states otherwise, a dismissal under Fed. R. Civ. P 41(b) and any dismissal not under the Rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Fed. R. Civ. P. 19 - operates as an adjudication on the merits.  Accordingly, dismissal of this case is a proper sanction under either Fed. R. Civ. P. 37 or Fed. R. Civ. R. 41.

The instant case was filed on October 31, 2013, although Plaintiff had been pursuing these claims before that date as the operative complaint is a refiling after it was previously determined that

5

Plaintiff had failed to exhaust his administrative remedies and his case was dismissed without prejudice. ECF Dkt. #1; ECF Dkt. #1-12. Up until November 30, 2015, the date Defendant chose to depose Plaintiff, Plaintiff had actively participated in this case. Plaintiff, acting *pro se,* has filed numerous motions throughout the life of this case, participated in the status conference held on October 2, 2015, and updated his address as recently as October 30, 2015.

The undersigned agrees with Defendant that the first three factors discussed above weigh in favor of dismissing the instant case, however, the fourth factor does not weigh in favor of dismissal. The Court has not been asked to consider any sanctions other that dismissal of this case with prejudice. A district court abuses its discretion if it dismisses a case "mechanically." *See Freeland*, 103 F.3d at 1279-80 (citing *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287, 288 (6th Cir. 1991)). While the undersigned agrees with Defendant that Plaintiff's actions should result in sanctions, dismissal with prejudice is the most powerful sanction available under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). The undersigned notes that Plaintiff is *pro se* litigant recently released from prison who has a history of actively participating in the instant case. Defendant is correct in asserting that Plaintiff is still required to abide by the Federal Rules of Civil Procedure as a *pro se* litigant, however, it is not necessary to dismiss Plaintiff's case with prejudice after he failed to appear for a status conference and failed to appear for a deposition, the former of which has been explained. Accordingly, the undersigned recommends that the Court dismiss the instant case without prejudice.

**III.** **CONCLUSION**

      For the foregoing reasons, the undersigned recommends that the Court dismiss the instant case without prejudice.


Dated: December 31, 2015                      */s/George J. Limbert*
                                               GEORGE J. LIMBERT
                                               UNITED STATES MAGISTRATE JUDGE


      ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation.  *Id*.