PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD A. NAPIER, | ) | |
| | ) | CASE NO. 4:13CV2433 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| D. BOBBY, Warden, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 38 and 41] |

*Pro Se* Plaintiff Ronald A. Napier filed this prisoner civil rights case under 42 U.S.C. § 1983 against Ohio State Penitentiary ("OSP") Warden D. Bobby, and OSP Corrections Officer Dale Knowles. Plaintiff's claims against Warden Bobby were dismissed with prejudice pursuant to 28 U.S.C. §1915(e). *See* Memorandum of Opinion and Order (ECF No. 9).[1]

On September 2, 2014, the case was referred by the undersigned to Magistrate Judge George J. Limbert for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized him to file with the Court a report containing proposed

---

[1] The above-entitled action is a refiling of *Napier v. Bobby*, No. 4:12 CV0555 (N.D. Ohio filed March 6, 2012), which was dismissed with prejudice against Warden Bobby for failure to state a claim, and without prejudice against Corrections Officer Knowles for failure to exhaust administrative remedies. *See Napier v. Bobby*, No. 4:12 CV0555, 2012 WL 2905995 (N.D. Ohio July 16, 2012) (Pearson, J.); *Napier v. Bobby*, No. 4:12 CV0555, 2013 WL 4050947 (N.D. Ohio Aug. 9, 2013) (Limbert, M.J.).
Plaintiff's requests to proceed *in forma pauperis* were granted in both Case No. 4:12 CV0555 and Case No. 4:13CV2433. Therefore, a total of $700 in filing fees is due. *See* 28 U.S.C. § 1915. A review of the docket in both cases reveals, however, that to date only $2.63 has been paid.

(4:13CV2433)

findings and a recommendation for disposition of case-dispositive motions. *See* Order of Reference (ECF No. 10).

On December 3, 2015, Corrections Officer Knowles filed and served a Motion to Dismiss (ECF No. 38).  He moves the Court to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b) for lack of prosecution.  Defendant indicates that Plaintiff failed to appear on November 30, 2015 for his scheduled deposition.  Moreover, he did not contact Defense counsel in any way to make an effort to reschedule the deposition prior to the December 31, 2015 discovery cutoff.

After Defendant's Motion was filed, the Magistrate Judge submitted a Report and Recommendation (ECF No. 40) recommending that the Court grant Defendant's motion, in part, and dismiss the above-entitled action without prejudice.  ECF No. 40 at PageID #: 410.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  Objections to the Magistrate Judge's Report were, therefore, due on January 19, 2016.[2]  Neither party has filed objections, evidencing satisfaction with the Magistrate Judge's recommendation.  Any further review by the Court would be a duplicative

---

[2] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because the Magistrate Judge's Report was served upon Plaintiff by regular U.S. mail, and counsel for Corrections Officer Knowles was served by operation of the Court's electronic filing system.  *See* Electronic Filing Policies and Procedures Manual (July 20, 2015) at 6.  January 17, 2016 was a Sunday and the next day was a legal holiday.  According to Fed. R. Civ. P. 6(a) (1)(C), in computing time, the court should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Thus, the objections was due on Tuesday, January 19, 2016.

2

(4:13CV2433)

and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Although Plaintiff did not file objections, on February 5, 2016, he did mail to the Court a Motion for Teleconference (ECF No. 41), which includes an untimely [3] response to Defendant's Motion.  Plaintiff's Motion provides further evidence of his unreadiness to prosecute the case at bar.  Plaintiff reveals in the motion that he has been wearing a brace on his swollen right hand, which he uses to write.  Plaintiff is also taking lithium, which causes his hand to shake severely when he writes.  ECF No. 41 at PageID #: 417-18.  Finally, Plaintiff states that he is again incarcerated because his post-release control was revoked in December 2015.  ECF No. 41 at PageID #: 418.

Accordingly, the Report and Recommendation (ECF No. 40) is hereby adopted.

Defendant's Motion to Dismiss (ECF No. 38) is granted, in part, and denied, in part.  Plaintiff's Eighth Amendment excessive force claim against OSP Corrections Officer Dale Knowles is dismissed without prejudice.

Plaintiff's Motion for Teleconference (ECF No. 41) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[3] Local Rule 7.1(d) provides that "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion."  A response to Defendant's motion was, therefore, due on January 5, 2016.

(4:13CV2433)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Ronald A. Napier, #A370766, Toledo Correctional Institution, P.O. Box 80033, 2001 East Central Avenue, Toledo, Ohio 43608.[4]

    IT IS SO ORDERED.

 April 20, 2016                                          */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                                 United States District Judge

---

[4] According to the Ohio Department of Rehabilitation and Correction website (http://www.drc.ohio.gov/OffenderSearch/ (last visited April 7, 2016)), Plaintiff is currently housed at the Toledo Correctional Institution.